USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 7-13-17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

UNITED STATES OF AMERICA *ex rel.*
PAMELA BRUMFIELD, KEISHA WESTON,
RISE GRADY, JAVONA DELVALLE, GUY
FLANDERS, QIANA WARE, and LISA
REINHOLT,

    Plaintiffs,

v.

NARCO FREEDOM, INC. and ALAN BRAND,

    Defendants.

------------------------------------

UNITED STATES OF AMERICA,

    Plaintiff-Intervenor,

v.

NARCO FREEDOM, INC., ALAN BRAND,
GERALD BETHEA, JOINING HANDS
MANAGEMENT INCORPORATED, BERNARD
RORIE and DEVORAH HAIGLER,

    Defendants.

------------------------------------x

12 Civ. 3674 (JGK)

**STIPULATION AND ORDER OF
SETTLEMENT AND RELEASE
BETWEEN THE UNITED STATES
AND RELATORS**

WHEREAS, this Stipulation and Order of Settlement and Release (the "Relator Settlement Stipulation") is entered into between the United States of America, by its attorney Joon H. Kim, Acting United States Attorney for the Southern District of New York (the "United States"), and relators Pamela Brumfield, Keisha Weston, Javona Delvalle, Guy Flanders, Qiana Ware, Rise Grady, and Lisa Reinholt (collectively "Relators"), through their authorized representatives (collectively the "Parties");

WHEREAS, on or about May 8, 2012, relators Pamela Brumfield, Keisha Weston, Javona Delvalle, Guy Flanders, Rise Grady, and Qiana Ware filed a *qui tam* action in the United States District Court for the Southern District of New York, captioned *United States of America ex rel. Pamela Brumfield et al. v. Narco Freedom and Alan Brand*, 12 Civ. 3674 (JGK), pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b);

WHEREAS, on May 5, 2016, the United States filed a complaint-in-intervention (the "United States Complaint"), asserting claims against Narco Freedom and Alan Brand, as well as other defendants;

WHEREAS, on or about June 1, 2016, the above-referenced relators plus one additional relator, Lisa Reinholt, filed an amended complaint asserting additional claims against Narco Freedom ("Relators' Complaint");

WHEREAS, on January 19, 2016, a court-appointed temporary receiver acting on behalf of Narco Freedom filed a petition for bankruptcy under Chapter 7 of the Bankruptcy Code, in the matter of *In re Narco Freedom, Inc.*, 16-10123 (S.D.N.Y.) (the "Narco Freedom Bankruptcy") and a Chapter 7 Trustee was appointed to act on behalf of Narco Freedom;

WHEREAS, on July 18, 2016, the United States filed Claim No. 146-1 in the Narco Freedom Bankruptcy, asserting its damages and penalties under the False Claims Act ("FCA") arising [*handwritten: ∂6lc*] from Narco Freedom's conduct as alleged in the United States Complaint (the "United States Bankruptcy Claim");

WHEREAS, on or about June 27, 2017, the United States, the Chapter 7 Trustee, on behalf of Defendant Narco Freedom, and the Relators have submitted for entry by the Court a signed Stipulation and Order of Settlement and Dismissal (the "Settlement Agreement"), agreeing to resolve certain allegations in the United States Complaint and Relators' Complaint;

2

WHEREAS, the Settlement Agreement resolved the allegations against Narco Freedom in the United States Complaint that Narco Freedom violated the FCA and the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b, by engaging in three separate schemes: 1) between 2002 and 2014, Narco Freedom offered short-term residence in three-quarter houses operated by Narco Freedom, as an inducement to Medicaid recipients to enroll in and attend outpatient treatment in Narco Freedom's programs, for which Narco Freedom billed Medicaid; 2) between 2008 and 2011, Narco Freedom paid kickbacks to third-party operators of three-quarter houses for requiring the residents of their houses to attend Narco Freedom outpatient programs; and 3) between 2009 and 2011, Narco Freedom caused false and fraudulent claims for reimbursement from Medicaid to be submitted for outpatient counseling services that it claimed to have rendered (collectively, the "Covered Conduct");

WHEREAS, Narco Freedom and the United States have agreed that, as part of the resolution of all claims asserted by the United States against Narco Freedom in the United States Complaint and in full resolution of the United States Bankruptcy Claim, the amount of $50,509,440, will be allowed in the Narco Freedom Bankruptcy as a non-priority general unsecured claim to be paid *pro rata* under 11 U.S.C. § 726(a)(2), and the remaining value of the United States' damages from the Covered Conduct, in the amount of $200,230,446, will be subordinated and paid *pro rata* under 11 U.S.C. § 726(a)(4), to the extent funds are available (collectively, the "Settlement Amount");

WHEREAS, the Relators have asserted that, pursuant to 31 U.S.C. § 3730(d)(1), they are entitled to receive a portion of the Settlement Amount paid to the United States (the "Relators' Claim"); and

3

WHEREAS, the Parties hereto mutually desire to reach a full and final compromise of the Relators' Claim against the United States for a portion of the Settlement Amount paid by Narco Freedom, pursuant to the terms set forth below,

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Relator Settlement Stipulation, and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. Contingent upon receipt by the United States of funds paid by Narco Freedom through the payment process established in the Narco Freedom Bankruptcy, and within a reasonable time period thereafter, the United States will pay 17.5% (the "Relators' Share") of any portion of the Settlement Amount paid to the United States by Narco Freedom in full or partial satisfaction of the United States' Bankruptcy Claim. The United States shall pay the Relators' Share to the Relators by check. The United States' obligation to pay the Relators' Share is expressly conditioned on, and arises only with, the actual receipt by the United States of funds through the Narco Freedom Bankruptcy payment process in partial or full satisfaction of the United States' Bankruptcy Claim, and is limited to such funds actually received by the United States. In the event that the United States does not receive any portion of the Settlement Amount, the United States shall have no obligation to make a payment to Relators.

2. Relators agree that this settlement is fair, adequate, and reasonable under all circumstances, and will not challenge the Settlement Agreement, including but not limited to the Settlement Amount, pursuant to 31 U.S.C. § 3730(c)(2)(B) [handwritten: (B)], and expressly waives the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B) [handwritten: (B)]. [initials]

4

3. In agreeing to accept payment of the Relators' Share, and upon payment thereof, Relators, for themselves and their heirs, successors, attorneys, agents and assigns, release and are deemed to have released and forever discharged the United States, and its agencies, officers, employees, servants, and agents, from any claims pursuant to 31 U.S.C. § 3730 for a share of the Settlement Amount, and from any and all claims against the United States, and its agencies, officers, employees, servants, and agents, arising from or relating to the allegations concerning the Covered Conduct in the Relators' Complaint or the filing of the Notice of Intervention.

4. This Relator Settlement Stipulation does not resolve or in any manner affect any claims the United States has or may have against Relators arising under U.S. Code, Title 26 (Internal Revenue Code), or any claims arising under this Relator Settlement Stipulation.

5. This Relator Settlement Stipulation shall be null and void if the Settlement Agreement is voided, including if a court holds that the Settlement Agreement is not fair, adequate, and reasonable pursuant to 31 U.S.C. § 3730(c)(2)(B).

6. This Relator Settlement Stipulation shall inure to the benefit of and be binding on only the Parties, their successors, assigns, and heirs.

7. This Relator Settlement Stipulation shall become final, binding, and effective only upon entry by the Court.

8. This Stipulation and Order shall be governed by the laws of the United States. The United States and the Relators agree that the exclusive jurisdiction and venue for any dispute arising under this Stipulation shall be the United States District Court for the Southern District of New York.

9. This Relator Settlement Stipulation constitutes the entire agreement of the United States and Relators with respect to the subject matter of this Relator Settlement Stipulation and

may not be changed, altered, or modified, except by a written agreement signed by the United States and Relator specifically referring to this Relator Settlement Stipulation.

10. This Relator Settlement Stipulation is effective on the date that it is entered by the Court.

11. This Relator Settlement Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

Dated: New York, New York
June 26, 2017

Joon H. Kim
Acting United States Attorney
*Attorney for Plaintiff-Intervenor*
*United States of America*

By: /s/ Cristine Irvin Phillips

CRISTINE IRVIN PHILLIPS
KIRTI VAIDYA REDDY
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone No. (212) 637-2696/2751
Facsimile No. (212) 637-2786
Cristine.Phillips@usdoj.gov
Kirti.Reddy@usdoj.gov

Dated: _____, New York    *Relator*
June ___, 2017

_____
PAMELA BRUMFIELD

Dated: _____, New York    *Relator*
June ___, 2017

_____
KEISHA WESTON

6

may not be changed, altered, or modified, except by a written agreement signed by the United States and Relator specifically referring to this Relator Settlement Stipulation.

10. This Relator Settlement Stipulation is effective on the date that it is entered by the Court.

11. This Relator Settlement Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

Dated: New York, New York  
June ___, 2017

Joon H. Kim  
Acting United States Attorney  
*Attorney for Plaintiff-Intervenor*  
*United States of America*

By: _____  
CRISTINE IRVIN PHILLIPS  
KIRTI VAIDYA REDDY  
Assistant United States Attorney  
86 Chambers Street, 3rd Floor  
New York, New York 10007  
Telephone No. (212) 637-2696/2751  
Facsimile No. (212) 637-2786  
Cristine.Phillips@usdoj.gov  
Kirti.Reddy@usdoj.gov

Dated: _____, New York  
June 16, 2017

*Relator*

_____  
PAMELA BRUMFIELD

Dated: _____, New York  
June ___, 2017

*Relator*

_____  
KEISHA WESTON

6

may not be changed, altered, or modified, except by a written agreement signed by the United States and Relator specifically referring to this Relator Settlement Stipulation.

10. This Relator Settlement Stipulation is effective on the date that it is entered by the Court.

11. This Relator Settlement Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

Dated: New York, New York
June ___, 2017

Joon H. Kim
Acting United States Attorney
*Attorney for Plaintiff-Intervenor*
*United States of America*

By: _____
CRISTINE IRVIN PHILLIPS
KIRTI VAIDYA REDDY
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone No. (212) 637-2696/2751
Facsimile No. (212) 637-2786
Cristine.Phillips@usdoj.gov
Kirti.Reddy@usdoj.gov

Dated: _____, New York    *Relator*
June ___, 2017

_____
PAMELA BRUMFIELD

Dated: STATEN ISLAND, New York    *Relator*
June _8_, 2017

_____
KEISHA WESTON

6

Dated: _____, New York      *Relator*
      June \_\_\_, 2017

*[signature: Javona DelValle]*
JOVANNA DELVALLE
JAVONA

Dated: _____, New York      *Relator*
      June \_\_\_, 2017

_____
GUY FLANDERS

Dated: _____, New York      *Relator*
      June \_\_\_, 2017

_____
QIANA WARE

Dated: _____, New York      *Relator*
      June \_\_\_, 2017

_____
RISE GRADY

Dated: _____, New York      *Relator*
      June \_\_\_, 2017

_____
LISA REINHOLT

Dated: _____, New York   *Relator*
       June ____, 2017

                                  _____
                                  JOVANNA DELVALLE


Dated: 6/22/17, New York   *Relator*
       June 22, 2017

                                  *Guy Flanders*
                                  _____
                                  GUY FLANDERS


Dated: _____, New York   *Relator*
       June ____, 2017

                                  _____
                                  QIANA WARE


Dated: _____, New York   *Relator*
       June ____, 2017

                                  _____
                                  RISE GRADY


Dated: _____, New York   *Relator*
       June ____, 2017

                                  _____
                                  LISA REINHOLT

7

Dated: _____, New York    *Relator*
       June ____, 2017

                                              JOVANNA DELVALLE

Dated: _____, New York    *Relator*
       June ____, 2017

                                              GUY FLANDERS

Dated: _____, New York    *Relator*
       June _16_, 2017

                                              */s/ Qiana Ware*
                                              QIANA WARE

Dated: _____, New York    *Relator*
       June ____, 2017

                                              RISE GRADY

Dated: _____, New York    *Relator*
       June ____, 2017

                                              LISA REINHOLT

Dated: _____, New York     *Relator*
       June \_\_\_, 2017

                                          _____
                                          JOVANNA DELVALLE


Dated: _____, New York     *Relator*
       June \_\_\_, 2017

                                          _____
                                          GUY FLANDERS


Dated: _____, New York     *Relator*
       June \_\_\_, 2017

                                          _____
                                          QIANA WARE


Dated: _____, New York     *Relator*
       June _8_, 2017

                                          *[signature: Rise Grady]*
                                          _____
                                          RISE GRADY


Dated: _____, New York     *Relator*
       June \_\_\_, 2017

                                          _____
                                          LISA REINHOLT

Dated: _____, New York    *Relator*
       June \_\_\_\_, 2017

                                        _____
                                        JOVANNA DELVALLE


Dated: _____, New York    *Relator*
       June \_\_\_\_, 2017

                                        _____
                                        GUY FLANDERS


Dated: _____, New York    *Relator*
       June \_\_\_\_, 2017

                                        _____
                                        QIANA WARE


Dated: _____, New York    *Relator*
       June \_\_\_\_, 2017

                                        _____
                                        RISE GRADY


Dated: _____, New York    *Relator*
       June  9 , 2017                   /s/ Lisa A. Reinholt
                                        _____
                                        LISA REINHOLT

7

JUN-15-2017 15:39 From:EE33576    6314866134    To:#6973596915162486027 Page:2/3

Dated: New York, New York  
June 16, 2017

*Attorney for Relator*

By: _____  
MICHAEL R. MINKOFF, Esq.  
Borrelli & Associates, P.L.L.C.  
655 Third Avenue, Suite 1821  
New York, NY 10017  
Telephone No. (212) 679-5000  
MRM@employmentlawyernewyork.com

SO ORDERED:

_____  
THE HONORABLE JOHN G. KOELTL  
United States District Judge

Date: 7/13/17