USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-6-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA ex rel.
PAMELA BRUMFIELD, ET AL.,

        Plaintiffs/Relators,

    - against -

NARCO FREEDOM, INC., ET AL.,

        Defendants.

---

12 Civ. 3674 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

In the fourth claim for relief in their amended complaint, the relators – Pamela Brumfield, Guy Flanders, Quiana Ware, Jovanna Delvalle, and Rise Grady – allege that one of the defendants, Alan Brand, terminated their employment in violation of the False Claims Act ("FCA") provision barring retaliation against employees who act lawfully in furtherance of an FCA claim brought against an employer. See 31 U.S.C. § 3730(h). Brand moved to dismiss this claim under Federal Rule of Civil Procedure 4(m) for improper service, Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and as time barred under 31 U.S.C. § 3730(h)(3). For the reasons explained below, Brand's motion to dismiss is **granted**.

I.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor.

1

McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id. When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc.,

2

282 F.3d 147, 153 (2d Cir. 2002); see also Mercator Corp. v. Windhorst, 159 F. Supp. 3d 463, 466-67 (S.D.N.Y. 2016).

A court may grant a motion to dismiss on statute of limitations grounds "if a complaint clearly shows the claim is out of time." Harris v. City of N.Y., 186 F.3d 243, 250 (2d Cir. 1999); see Troni v. Holzer, No. 09cv10239, 2010 WL 3154852, at *2 (S.D.N.Y. July 29, 2010).

## II.

In a complaint dated May 8, 2012, the relators brought a qui tam action on behalf of the United States under the FCA, 31 U.S.C. §§ 3729 et seq., against Brand and defendant Narco Freedom, Inc., a not-for-profit corporation of which Brand was the chief executive officer. Dkt. No. 23. The relators alleged that the defendants engaged in a kickback scheme in violation of the FCA. The relators also alleged twice that the defendants retaliated against them for refusing to engage in fraud, stating:

> 17. Defendants . . . retaliated by terminating the Relators, within less than 45 days, objecting to their unemployment benefits and have expressed an intention to file a complaint with the New York State Office of Professional Misconduct against the Relators in order to obfuscate responsibility.
>
> . . . .
>
> 165. Defendants . . . continued to retaliate against Relators by contesting their unemployment and Defendants are now seeking to file a claim against Relators with the office of Professional Misconduct.

3

Id. ¶¶ 17, 165. However, the complaint did not allege that the defendants retaliated against them for taking any action in furtherance of an FCA claim and did not contain a 31 U.S.C. § 3730(h) retaliation claim for relief. Further, the six claims for relief in the complaint alleged only that the United States, not the relators, suffered damages. See id. ¶¶ 177-201. The complaint was sealed until May 3, 2016. Dkt. No. 23.

On June 6, 2016, the relators filed an amended complaint on behalf of the United States adding, as the fourth claim for relief, a claim of 31 U.S.C. § 3730(h) retaliation. Dkt. No. 51. Brand moved to dismiss this claim, arguing that (1) he was not served with the relators' complaint or amended complaint, (2) individuals cannot be held liable for retaliation under the FCA, and (3) the relators' retaliation claim is time barred.

### III.

#### A.

Brand argues that the relators' retaliation claim should be dismissed under Federal Rule of Civil Procedure 4(m) because their original and amended complaints were never served upon him. But Brand raises this argument for the first time nearly two years after the amended complaint was filed. Brand was clearly on notice of the amended complaint. Indeed, before objecting to the amended complaint due to a lack of service, Brand filed multiple letter motions in this case and several

4

individuals filed notices of appearance on his behalf. See, e.g., Dkt. Nos. 72, 73, 84, 88, 92, 127, 128. Therefore, Brand forfeited his Rule 4(m) argument.[1]

**B.**

Brand next argues that a 31 U.S.C. § 3730(h) retaliation claim cannot be brought against him as an individual because such claims can only be brought against employers. The relators respond that they are not bringing their retaliation claim against Brand as an individual but rather as an alter ego of their employer, Narco Freedom.

Although the Second Circuit Court of Appeals has not addressed the question, "the overwhelming majority of courts . . . have held that the current version of § 3730(h) does not create a cause of action against supervisors sued in their individual capacities." Diffley v. Bostwick, No. 17cv1410, 2017 WL 6948358, at *2 (S.D.N.Y. Dec. 6, 2017) (internal quotation marks omitted). This lack of individual liability applies to the CEO of an employer subject to an FCA claim, id. at *4, and to a

---

[1] See Grammenos v. Lemos, 457 F.2d 1067, 1070 (2d Cir. 1972) ("If a party enters a case, makes no objection to jurisdiction, and asks the court to act on its behalf in some substantive way, it will be held to have waived further objection."); Datskow v. Teledyne, Inc., Cont'l Prod. Div., 899 F.2d 1298, 1303 (2d Cir. 1990) ("[The] defendant's conduct bars it from complaining about the defective form of service. Defendant attended the conference with the magistrate and participated in scheduling discovery and motion practice. Nothing was said about defective service of process."); see also Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir. 1986) ("Rule 4 of the Federal Rules is to be construed liberally to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice." (internal quotation marks omitted)).

5

sole owner of such an employer, McKoy v. Uliss, No. 17cv3398, 2017 WL 2963456, at *4 (E.D.N.Y. July 11, 2017). Thus, to the extent that the relators' § 3730(h) claim is brought against Brand in his individual capacity, it must be dismissed.

Whether a § 3730(h) claim can be brought against an individual as an alter ego of an employer corporation is less clear. A few cases in the Southern and Eastern Districts of New York suggest that the relators' alter-ego theory is viable.[2] And judges in the United States District Court for the District of Columbia have more expressly stated that an individual can be held liable under § 3730(h) as an alter ego of the employer corporation.[3] At least one court in the Northern District of

---

[2] See Diffley, 2017 WL 6948358 at *3 (noting the plaintiff's failure to allege that the CEO against whom a § 3730(h) claim was filed was a "shareholder or owner that has commingled his assets with the corporation, or that he has otherwise 'abused the corporate form' in any manner"); McKoy, 2017 WL 2963456 at *4 (stating in the § 3730(h) context that "[i]t would be one thing if plaintiff had alleged that [the defendant individual] abused the corporate form by, for example, comingling his assets with his corporation's assets, or failing to keep adequate books and records distinguishing between the two, or other criteria that courts use to determine alter ego liability or to pierce the corporate veil"); Krause v. Eihab Human Servs., Inc., No. 10cv898, 2015 WL 4645210, at *16 (E.D.N.Y. Aug. 4, 2015) ("To the extent Plaintiffs argue that the Court should pierce the corporate veil and deem Abboud an alter ego of Eihab (and therefore an 'employer' under the FCA), the Court finds that Plaintiffs have not sustained their heavy burden of demonstrating that Abboud exercised sufficient domination over Eihab to warrant such a result.").

[3] See, e.g., Pencheng Si v. Laogai Research Found., 71 F. Supp. 3d 73, 103 (D.D.C. 2014) ("[A]n individual supervisor can be held liable as an employer under section 3730(h) when the supervisor can be considered to be an alter ego of the company, and therefore an 'employer' based on the familiar principle of piercing the corporate veil." (internal quotation marks omitted)).

Georgia, on the other hand, has expressly held the opposite.[4] The Court need not definitively decide whether an individual can be liable under § 3730(h) as an alter ego of an employer because the relators have failed to allege that Brand was the alter ego of Narco Freedom.

"It is well settled that New York courts are reluctant to disregard the corporate entity." William Wrigley Jr. Co. v. Waters, 890 F.2d 594, 600 (2d Cir. 1989). "Generally . . . piercing the corporate veil requires a showing that: (1) the owner[] exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff[s] which resulted in the plaintiff[s'] injury." Morris v. N.Y. State Dep't of Taxation and Fin., 623 N.E.2d 1157, 1160 (N.Y. 1993).[5]

---

[4] U.S. ex rel. Friddle v. Taylor, Bean & Whitaker Mortg. Corp., No. 06cv3023, 2012 WL 1066510, at *6 (N.D. Ga. Mar. 27, 2012) ("[R]elators argue that [individual defendants] can be considered to be employers under an 'alter ego' or 'corporate veil piercing' theory. Relators do not point to any binding or persuasive authority that these common law doctrines can give rise to liability when the relevant statute does not do so.").

[5] The relators cite to New York state law, rather than federal common law, regarding the standard for piercing the corporate veil. To the extent the standards differ, the relators' alter-ego claim would fail under either standard. See Clipper Wonsild Tankers Holding A/S v. Biodiesel Ventures, LLC, 851 F. Supp. 2d 504, 509 & n.3 (S.D.N.Y. 2012) ("In order to 'pierce the corporate veil' under the federal common law standard, a plaintiff must show that an alter ego was used to 'perpetrate a fraud' or was 'so dominated' and its corporate form so 'disregarded' that the alter ego 'primarily transacted [another entity's] business rather than [its] own corporate business.'" (alterations in original) (quoting Kirno Hill Corp. v. Holt, 618 F.2d 982, 985 (2d Cir. 1980))).

7

Courts consider a lengthy list of factors when determining whether it is appropriate to pierce the corporate veil, including:

> (1) the absence of the formalities and paraphernalia that are part and parcel of the corporate existence . . . , (2) inadequate capitalization, (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes, (4) overlap in ownership, officers, directors, and personnel, (5) common office space, address and telephone numbers of corporate entities, (6) the amount of business discretion displayed by the allegedly dominated corporation, (7) whether the related corporations deal with the dominated corporation at arms-length, (8) whether the corporations are treated as independent profit centers, (9) the payment or guarantee of debts of the dominated corporation by other corporations in the group, and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own.

William Passalacqua Builders, Inc. v. Resnick Devs. S., Inc., 933 F.2d 131, 139 (2d Cir. 1991); see Freeman v. Complex Computing Co., 119 F.3d 1044, 1053 (2d Cir. 1997); see also JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc., 295 F. Supp. 2d 366, 377-78 (S.D.N.Y. 2003).

The relators' amended complaint does not contain sufficient factual allegations bearing on Brand's domination of Narco Freedom or that the corporate form was used as a fraud or sham. The amended complaint merely highlights that Brand was the CEO of Narco Freedom and that he authorized and instructed others to commit alleged fraud and unlawful retaliation against employees. See, e.g., Dkt. No. 51 ¶¶ 22, 120, 139, 147, 170.

8

In support of their alter-ego theory, the relators' ask the Court to take judicial notice of Brand's plea allocution, in which he admitted to, <u>inter alia</u>, (1) being the CEO and for a time the sole member of Narco Freedom; (2) committing various fraud crimes for financial gain through various entities; (3) operating OASAS, an entity other than Narco Freedom, to enrich himself; and (4) operating Narco Freedom without an independent board of directors and paying excessive salaries to individuals in light of the work those individuals performed. Opp'n at 13; see <u>Parker v. Cummings</u>, No. 13cv3151, 2014 WL 2946144, at *3 (S.D.N.Y. June 30, 2014) (taking judicial notice of a transcript of the plaintiff's plea allocution). The admissions highlighted by the relators touch upon few of the relevant factors and cannot meet the "heavy burden" of establishing that Brand dominated Narco Freedom or that the corporate form was a sham. See <u>Krause v. Eihab Human Servs., Inc.</u>, No. 10cv898, 2015 WL 4645210, at *16 (E.D.N.Y. Aug. 4, 2015); <u>see also</u> <u>U.S. ex rel. Siewick v. Jamieson Sci. & Eng'g, Inc.</u>, 322 F.3d 738, 741 (D.C. Cir. 2003) ("The district court correctly held that an allegation of fraud against the United States in violation of the False Claims Act does not amount to an allegation that the corporate form was a fraud. The difference between being a fraud and conducting one is important. Even a fully-capitalized, Fortune 500 corporation can embark on a fraud, but that would

not make its corporate form a sham or its shareholders personally liable." (internal quotation marks and citation omitted)).

In short, Brand cannot be liable under 31 U.S.C. § 3730(h) in his individual capacity, and the relators have not sufficiently alleged that Brand is the alter ego of Narco Freedom and thus an employer. Accordingly, the relators' retaliation claim against Brand is dismissed.

## C.

Finally, Brand adds that the three-year statute of limitations set out in § 3730(h)(3) has passed. Brand points out that his alleged retaliation occurred in December 2011, while the amended complaint was filed in June 2016. The relators' respond that their retaliation claim is not time barred because it was sufficiently set out in their original complaint, filed in May 2012. The relators also contend that their claim is not time barred because it relates back to the original complaint under Federal Rule of Civil Procedure 15(c).

The relators did not sufficiently plead a 31 U.S.C. § 3730(h) claim in their original complaint. It contained six distinct claims for relief, none of which were for retaliation. Moreover, the original complaint mentioned only the damages suffered by the United States, not the relators – the victims of the alleged retaliation. Although the original complaint

mentioned retaliation, the retaliation referred to was retaliation against the relators for not participating in a fraud. The bare allegations in the complaint could not plausibly have put Brand on notice of a § 3730(h) retaliation claim against him. See Fed. R. Civ. P. 8(a); McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani, 295 F. Supp. 3d 404, 415 (S.D.N.Y. 2017) ("The purpose of Rule 8(a) is to provide fair notice of the claims and to enable the adverse party to answer the complaint and prepare for trial." (internal quotation marks omitted)).

It follows that the relators' retaliation claim in the amended complaint does not relate back to the original complaint. The touchstone of relation back under Federal Rule of Civil Procedure 15(c) is notice. United States v. The Baylor Univ. Med. Ctr., 469 F.3d 263, 270 (2d Cir. 2006); Hayes v. Dep't of Educ. of City of N.Y., 20 F. Supp. 3d 438, 448-49 (S.D.N.Y. 2014). As explained above, the relators' original complaint was not sufficient to put Brand on notice of a claim that he retaliated against them for their having taken lawful action under the FCA.[6]

---

[6] The fact that FCA procedures required the original complaint to be filed under seal does not dictate a different result. Hayes, 20 F. Supp. 3d at 451 (holding that Federal Rule of Civil Procedure 15(c)(1)(A)-(B) does not apply to a non-government plaintiff's FCA retaliation claim made in a complaint filed under seal). The relators could have filed a separate complaint alleging a retaliation claim under 31 U.S.C. § 3730(h).

11

For these additional reasons, the relators' retaliation claim against Brand is dismissed.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, Brand's motion to dismiss is **granted**. The fourth claim for relief in the amended complaint is therefore **dismissed with prejudice**. The Clerk of Court is directed to close docket number 181.

**SO ORDERED.**

**Dated:** **New York, New York**
**November 6, 2018**

John G. Koeltl
United States District Judge